# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**M.C.,**
**Respondent Below, Petitioner**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0361** (Mingo County 07-D-147)

**R.C.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner M.C.,[1] appearing *pro se*, appeals the March 15, 2013 order of the Circuit Court of Mingo County that denied her appeal from a November 2, 2012 order of the Family Court of Mingo County that modified the parties' parenting plan to provide that petitioner would have no contact with the children. Respondent R.C., by counsel Jane Moran, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced and have two children together, ages 8 and 10. Pursuant to an April 26, 2010, agreed order, respondent had custody of the children and petitioner had limited visitation. Pertinent to this appeal, the agreed order directed petitioner to (1) ensure no other individual, including family members, would be present during visitation; (2) ensure no person with a criminal and/or drug history was present during visitation; (3) ensure a specific individual, B.E.M., had no contact with the children;[2] and (4) refrain from any harassing conduct directed toward respondent or his family while attending sporting events in which the children were participants. The agreed order subjected both parties to random drug testing. The agreed order further provided that if the family court later found that "[petitioner] has violated any provision or

---

[1] Because this is a domestic relations case, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Respondent states that B.E.M. has a criminal and a drug history. Petitioner denies that B.E.M. has a drug history, but also asserts that Mingo County Child Protective Services had informed her that "none of [B.E.M.'s] charges should prevent him from being around children."

1

condition of this Order, all visitation by [petitioner] shall terminate." The agreed order was signed by the family court judge, respondent's counsel, and petitioner's counsel.

Subsequently, petitioner filed a petition of modification seeking increased visitation with the children, while respondent petitioned the family court to find petitioner in contempt of its previous order. Following a hearing, the family court found that petitioner (a) admitted allowing her family members to be present during her visitation with the children on July 22, 2010, but "alleged that said contact was unavoidable"; (b) neither denied nor confirmed that she permitted the children to have contact with B.E.M.; (c) acknowledged that she failed to be courteous to her son's coach and also engaged in a confrontation with respondent at the son's sporting event; and (d) tested positive "and beyond therapeutic level[s] for Barbiturates and Opiates and also tested positive for Cannabinoids on August 23, 2012." In light of petitioner's positive drug test, the family court declined to interview the parties' children *in camera* after previously considering conducting such interviews. The family court also noted that the custody evaluator in the case "testified that he had concerns about [petitioner's] intention or willingness to comply with the directives of this Court at any time in the future." By repeatedly failing to comply with court directives, the family court concluded that "[petitioner] has failed to protect the infant children."

The family court found petitioner in contempt for allowing her family members to be present during her visitation and for permitting the children to have contact with B.E.M. The family court concluded that there had been a substantial change in circumstances and modified the parties' parenting plan to provide that petitioner would have no contact with the children. The family court ordered that prior to petitioner requesting to have visitation restored, petitioner must complete an in-patient substance abuse program and must complete parenting classes similar to those offered in child abuse and neglect cases.

Petitioner appealed the family court's November 2, 2012 order, that modified the parties' parenting plan to the circuit court alleging ten assignments of error. The circuit court addressed all ten grounds and denied petitioner's appeal noting that a family court's order is reviewed only for an abuse of discretion and that the findings supporting the order are reviewed only for clear error. Relevant to the instant appeal, the circuit court (1) determined that although petitioner averred that B.E.M having no contact with her children was not part of the family court's oral pronouncements at the hearing that preceded the April 26, 2010 agreed order, the agreed order constituted a valid order because it was "signed by counsel for all parties"; (2) found that while petitioner was the only party directed to behave herself during the children's sporting events, petitioner could have informed the family court of any alleged goading by respondent that caused the confrontation at her son's game; (3) noted the notation by the clerk of the family court on the urine drug screen that no proof of prescriptions was provided by petitioner; (4) found that the family court did not ignore that respondent was not without fault in the parties' confrontation at their son's game and had been less than supportive of petitioner being able to maintain a relationship with the children (discussing the family court's findings regarding the same); (5) determined that while petitioner alleged that the custody evaluator had a conflict of interest, petitioner never raised the issue with the family court even though the evaluator had been appointed in 2010; and (6) noted the best interests of the children was paramount and that respondent provided the children with stability.

Petitioner appeals the circuit court's March 15, 2013 order that denied her appeal from the

family court's November 2, 2012 order. We review a circuit court's denial of the appeal from a family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner challenges the family court's findings that she (a) allowed her family to be present during her visitation with the children on July 22, 2010, but "alleged that said contact was unavoidable"; (b) neither denied nor confirmed that she permitted the children to have contact with B.E.M.; (c) acknowledged that she failed to be courteous to her son's coach and also engaged in a confrontation with respondent at the son's sporting event; and (d) tested positive "and beyond therapeutic level[s] for Barbiturates and Opiates and also tested positive for Cannabinoids on August 23, 2012." Respondent argues that the family court's findings and order, and the circuit court's affirmation thereof, were not erroneous because the family court's decision was grounded in fact.

This Court notes that the family court considered petitioner's allegation that the contact with her family was unavoidable, but was not swayed by the contention. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Furthermore, the family court speaks through its orders, and the April 26, 2010, agreed order forbade petitioner from allowing the children to have contact with B.E.M. This Court agrees with the circuit court that the agreed order constituted a valid, enforceable order.[3] The Court further agrees that the family court considered that respondent was also at fault in the parties' confrontation, but properly found that the children's best interests necessitated the termination of all contact with petitioner. Finally, petitioner alleges that she was taking only prescribed drugs and that the final drug screen showed that she was not positive for Cannabinoids. The Court has reviewed the urine drug screen petitioner attached to her reply and finds that it does not support petitioner's position.[4] Therefore, this Court concludes that the family court did not abuse its

---

[3] Petitioner contends whether the prohibition against the children having contact with B.E.M. was properly a part of the written order amounted to a "he said/she said situation" because there is no recording of the relevant hearing. However, in such a situation, this Court gives deference to the family court's findings. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995).

[4] Petitioner states that her drug test and the initial results were on August 23, 2012, but that a second analysis was later performed. On the urine drug screen dated September 6, 2012, petitioner was "confirmed positive" for Nordiazepam, Oxazepam, Butalbital, Morphine, and

discretion in modifying the parties' parenting plan to where petitioner would have no contact with the children.

For the foregoing reasons, we affirm the March 15, 2013 order of the Circuit Court of Mingo County denying petitioner's appeal from the November 2, 2012 order of the Family Court of Mingo County.

Affirmed.

**ISSUED:** March 14, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

Delta-9-Carboxy-THC which is measured to test for Cannabinoids.